NOT FOR PUBLICATION																												CLOSED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD BRADLEY, | |
| Petitioner, | **OPINION** |
| v. | Civil Action No. 03-6211 (WHW) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**William H. Walls, U.S.D.J.**

      Petitioner Richard Bradley, an inmate at the Federal Correctional Institute in Fort Dix, New Jersey, petitions *pro se*, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner states multiple reasons why his petition should be granted. First, his Sixth Amendment right to effective counsel was violated. (Pet.'s Br. at 6.) Second, the District Court erred in enhancing petitioner's sentence by four levels "when the evidence clearly demonstrates that petitioner, like his co-conspirators were all equally culpable." (Pet.'s Br. at 9.) Third, the four-level enhancement for aggravating role was "unconstitutional" in light of United States v. Booker, 125 S.Ct. 738 (U. S. 2005). (See Supp. Pet. at 1-7). The petition is denied.

**BACKGROUND**

**A.**    **Procedural and Factual History**

      Following a jury trial before this Court, petitioner was convicted of conspiring with co-defendants Johnathan Kerr, Henrietta Chambers and others to import more than 500 grams of

**NOT FOR PUBLICATION**                                                          **CLOSED**

cocaine into the United States from Jamaica. Between May and July 2000, petitioner supervised and oversaw the activities of multiple drug couriers.

On July 25, 2000, Chambers, acting at the behest of petitioner, flew from Jamaica to Newark, New Jersey on Air Jamaica Flight Number 19, which was scheduled to arrive at Newark Airport at 9:05p.m. Upon her arrival, Chambers was subjected to a routine customs examination and then to a secondary examination, which revealed cocaine inside the soles of shoes that she was wearing as well as inside a pair of shoes that she had packed. Chambers was arrested and Special Agent Jodi Medoff was then called to the scene.

Medoff interviewed Chambers who initially agreed to cooperate. Thereafter, Medoff set up a controlled delivery by Chambers in the "arrivals area" of Terminal B at Newark Airport. Medoff also arranged for other agents to conduct surveillance during the controlled delivery. After observing Bradley and Kerr meet with Chambers, speak briefly, and prepare to depart the airport with the drugs, law enforcement arrested them.

Law enforcement later learned that petitioner had recruited another courier, Shaquana Pressley, to import additional cocaine from Jamaica into the United States in or about May 2000, approximately two months before Chambers imported cocaine into the country.

On July 26, 2000, petitioner was indicted. On December 28, 2000, a federal grand jury returned a Superceding Indictment against him, Chambers and Kerr, charging each of them with conspiring to import more than 500 grams of cocaine into the United States from Jamaica, contrary to U.S.C. § 952(a), in violation of 21 U.S.C. § 963.

NOT FOR PUBLICATION                                                                      CLOSED

      Following her arrest, Chambers declined to cooperate with authorities in the investigation or prosecution of her co-conspirators, and, on January 3, 2001, she entered a guilty plea to the one-count Superceding Indictment. Her plea was not entered pursuant to a plea agreement with the United States.

      Petitioner and Kerr were tried together before this Court. At trial, unindicted co-conspirator Pressley testified, among other things, that petitioner had recruited and supervised her for her cocaine importation in May 2000. Based on this and other evidence of two drug importations orchestrated by petitioner and Kerr, the jury convicted petitioner and Kerr of the charged offense.

      On July 24, 2001, this Court sentenced petitioner. Following the review of his pre-sentence investigation report ("PSR"), petitioner, through his attorney, vigorously objected to an aggravating role enhancement. This Court adopted the factual findings of the PSR, rejected petitioner's claim, and agreed with the Government and Probation that petitioner's role in the conspiracy merited a four-level increase in his offense level. See PSR ¶¶ 18, 30. Finding a total offense level of 30, criminal history category of I, and a resulting guideline range of 97-121 months, the Court sentenced petitioner to a prison term of 98 months.

      Petitioner timely appealed his conviction on December 29, 2003. On appeal, counsel for petitioner argued that (1) petitioner's arrest was not supported by probable cause; (2) the District Court erred in denying his motion for a pre-trial evidentiary hearing and in denying his motion for suppression of statements and physical evidence obtained as a result of petitioner's arrest; and

3

NOT FOR PUBLICATION                                                                              CLOSED

(3) the District Court improperly limited cross-examination of Pressley.

The Third Circuit Court of Appeals rejected these claims and affirmed petitioner's conviction in an unpublished opinion. United States v. Chambers, 47 Fed. Appx. 85 (3d Cir. 2002).

The instant petition under 28 U.S.C. § 2255 and supplemental petition raise the following claims for relief:

 I. Ineffective assistance of counsel for the following alleged grounds:

  (1) Failure to object to perjured testimony of the government's witness;

  (2) Failure to advocate a coherent theory of the case which would support petitioner's innocence while taking into account the government's evidence;

  (3) Failure to seek a downward departure based on petitioner's 'status as a deportable alien';

  (4) Failure to seek a remedy and/or downward departure based on the government's failure to adhere to the terms of the Vienna Convention;

  (5) Failure to inform petitioner of a favorable plea agreement; and

  (6) Incompetently counseled decision to go to trial.  (Pet.'s Br. at 6.)

 II. The District Court erred in enhancing petitioner's sentence by four levels " when the "when the evidence clearly demonstrates that petitioner, like his co-conspirators were all equally culpable."  (Pet.'s Br. at 9.)

  III.  The four-level enhancement for aggravating role was "unconstitutional" in light of Booker, 125 S.Ct. 738.  (See Supp. Pet. at 1-7.)

## DISCUSSION

**A.**  **Standard of Review**

  The Court has jurisdiction of this matter under 28 U.S.C. § 2255.  "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (U.S. 1982).  When pursuing a § 2255 motion, a prisoner must show  "cause" for not having raised the point in question on direct appeal and that there would be "actual prejudice" from the errors asserted.  Id.  The actual prejudice must lead to a "complete miscarriage of justice" constituting "exceptional circumstances."  Davis v. United States, 417 U.S. 333, 346 (U.S. 1974); United States v. Essig, 10 F.3d 968, 977 (3d Cir. 1993).

**B.**  **Exhaustion of Direct Appeal Procedures**

  Ordinarily, a petitioner may not collaterally attack a sentence on a motion to correct the sentence insofar as the attack is based upon alleged errors that could have been, but were not, raised on direct appeal.  To avoid the resulting procedural bar, a petitioner generally must prove both (1) "cause" that excuses his or her procedural default; and (2) "actual prejudice" as a result of the errors of which the petitioner complains.  See Frady, 456 U.S. at 168; Brown v. U.S.A., 75 F. Supp. 2d 345 (D.N.J. 1999).  However, the Third Circuit has stated its preference that ineffective assistance of counsel claims be addressed in the first instance by the district court in a § 2255 petition.  See United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998); United States v.

**NOT FOR PUBLICATION**                                                                                              **CLOSED**

Nahodil, 36 F.3d 323, 326 (3d Cir. 1994); United States v. DeRewal, 10 F.3d 100, 103-104 (3d Cir. 1991), cert. denied, 511 U.S. 1033 (U.S. 1994).  Because petitioner asserts ineffectiveness of counsel, he does not need to demonstrate cause and prejudice.

**C.**     **Certificate of Appealability**

Under 28 U.S.C. § 2253, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (U.S. 2000); United States v. Cepero, 224 F.3d 256, 262-64 (3d Cir. 2000) (en banc).  This requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack, 529 U.S. at 483, (quoting Barefoot v. Estelle, 463 U.S. 880, 894 (U.S. 1983)) (internal quotation marks and citation omitted).

For the reasons stated in this opinion, petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253.  Accordingly, a certificate of appealability shall not be issued.

**D.**     **Petitioner Should Be Denied Relief Without an Evidentiary Hearing**

The district court has "discretion to decide whether to hold a hearing" on a claim of ineffectiveness of counsel.  United States v. Dawson, 857 F.2d 923, 927 (3d Cir. 1988).  The district court must hold a hearing to determine the truth of the allegations only "if the petitioner raises an issue of material fact."  Essig, 10 F.3d at 976.  An evidentiary hearing is unnecessary

NOT FOR PUBLICATION                                                                      CLOSED

because petitioner fails to raise an issue of material fact, and because each of petitioner's allegations are contradicted by the record.

### E. Petitioner was Represented by Reasonably Effective Counsel

The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right to have assistance of counsel for his defense." U.S. Const. Amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance of counsel." United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), quoting Strickland v. Washington, 466 U.S. 668, 687 (U.S. 1984).

In Strickland, the Supreme Court set forth a two-pronged test for evaluating the claims of ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 104 S.Ct. at 690. Second, the defendant must show that the deficient performance prejudiced the defense. This requires the defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. See id.; Brown, 75 F. Supp. 2d at 348. Both prongs must be established in order to meet the claimant's burden. If either prong is not satisfied, the claim of ineffective assistance of counsel must be rejected. See Strickland, 104 S.Ct. at 697.

Petitioner claims that his attorney failed to advocate in his best interest for the following

**NOT FOR PUBLICATION**                                                                                    **CLOSED**

alleged grounds: (1) failure to object to perjured testimony of the government's witness; (2) failure to advocate a coherent theory of the case which would support petitioner's innocence while taking into account the government's evidence; (3) failure to seek a downward departure based on petitioner's 'status as a deportable alien'; (4) failure to seek a remedy and/or downward departure based on the government's failure to adhere to the terms of the Vienna Convention; (5) failure to inform petitioner of a favorable plea agreement; and (6) incompetently counseled decision to go to trial.  (Pet.'s Br. at 6.)

As with any other claims under § 2255, it is petitioner's burden to prove ineffective assistance of counsel.  <u>Virgin Island v. Nicholas</u>, 759 F.2d 1073, 1081 (3d Cir. 1985).  The petitioner must provide evidence that his attorney was deficient.  He must also prove that the deficient performance resulted in errors that prejudiced the result.

**1) Perjured Testimony**

Petitioner alleges that his counsel was ineffective for failing to object to perjured testimony of government's witness.  In petitioner's reply brief, however, petitioner expressly abandons this argument.  The Court need not consider it.

**2) Coherent Theory of Case**

Petitioner alleges that his counsel was ineffective for failing to advocate a coherent theory of the case which would support petitioner's innocence.  Respondent argues that counsel was not obligated to create a "theory of the case which would support petitioner's innocence," when, in fact, no such theory existed.  (Resp.'s Br. at 3.)  Even though counsel was not obligated, he filed

**NOT FOR PUBLICATION**                                                                                               **CLOSED**

a pre-trial motion setting forth such a theory that petitioner had "committed no crime, the police had no legitimate reason to think that [he] had committed a crime and they had no reason to arrest [him]." Chambers, 47 Fed. Appx. at 88. The Third Circuit found that:

> "Petitioner's arrest was supported by probable cause, and that therefore all evidence arising out of his arrest was properly admitted. As established at trial, at the time of petitioner's arrest, the Customs Agents knew that Chambers had imported over 500 grams of cocaine in her shoes and that she was meeting two men at the airport, whose descriptions matched Kerr and petitioner; they had observed petitioner pacing in and out of the airport and conversing with Kerr; they then saw petitioner approach Chambers, lead her out to his car, speak with Kerr, and begin to enter his car with Chambers. These facts are enough to 'warrant a prudent man in believing that petitioner had committed or was committing an offense.'"

Id. at 88-89. Petitioner's claim of ineffective counsel based on his counsel's failure to advocate a coherent theory of the case is rejected.

**3) Deportable Alien Status**

Petitioner alleges that his counsel was ineffective for failing to seek a downward departure based on petitioner's status as a deportable alien. Respondent contends that the Sentencing Commission "must have" taken petitioner's deportable status into account, because nearly all federal prisoners were subject to the terms of the conditions and limitations of pre-release confinement. United States v. Angel-Martinez, 988 F. Supp. 475, 484 (D.N.J. 1997) (citing United States v. Sutton, 973 F. Supp. 488 (D.N.J. 1997), aff'd, 156 F.3d 1226 (3d Cir. 1998)).

In Angel-Martinez, the court noted that the circuit courts had been split on the issue of whether a sentencing court had the authority under the Sentencing Guidelines to downwardly

NOT FOR PUBLICATION                                                                              CLOSED

depart based on the defendant's deportable status.  Id. at 483.  The court recognized, however, that the split in the circuits had been settled by the Supreme Court's decision in Koon v. United States, 518 U.S. 81 (U.S. 1996).  Id.  ("In Koon, the Supreme Court held that only the [Sentencing] Commission could prevent a factor from serving as a basis for departure in every case.").

Analyzing the issue under Koon, the Angel-Martinez court held that the defendant's ineligibility for pre-release confinement based on his status as a deportable alien did not warrant a downward departure.  988 F.Supp. at 483 (quoting Koon, 518 U.S. at 96).  A defendant may obtain a downward departure based on his deportable status if he demonstrates "unique circumstances particular to a certain case which make that case so unusual that the Commission would not have considered it."  Id. at 484.  Petitioner fails to distinguish his case from those of *every* other deportable alien who is convicted and incarcerated in federal prison.  The District Court could not have awarded a downward departure because petitioner has failed to demonstrate that his deportable status is a unique circumstance that makes it so unusual that the Commission would not have considered it.  See id.

Even if a motion to seek a downward departure had been made, petitioner is unable to show that such a motion would likely have succeeded.  Thus, petitioner's claim fails for lack of prejudice.  Petitioner's claim of ineffective counsel based on his counsel's failure to seek a downward departure due to his status as a deportable alien is rejected.

10

**NOT FOR PUBLICATION**                                                                 **CLOSED**

### 4) Vienna Convention

Petitioner alleges that his counsel was ineffective for failing to object and seek a remedy for the government's failure to adhere to the terms of the Vienna Convention. Through his motion, petitioner seeks to privately enforce Article 36 of the Consular Convention. 21 U.S.T. 77, 100-101. Petitioner, however, lacks standing to assert rights under this treaty, which expressly states that it is not intended to "benefit individuals but to ensure the efficient performance of functions by consular posts on behalf of their respective States." 21 U.S.T. at 79. Under international law, "it is the contracting foreign government, not the defendant, that would have the right to complain about a [treaty] violation." United States v. Cordero, 668 F.2d 32, 38 (1st Cir. 1981).

An individual can enforce a treaty in court only if the treaty provides a private right of action. However, the language of the Consular Convention does not provide a private right of action nor indicates that individuals may enforce this treaty. Breard v. Green, 523 U.S. 371, 378 (U.S. 1998). In Breard, the Supreme Court found that "neither the text nor the history of the Vienna Convention clearly provides a foreign nation a private right of action in United States' courts to set aside a criminal conviction and sentence for violation for consular notification provisions." Id. at 377. The treaty is for the benefit of the signatory governments and is *not* intended to confer private rights. Id. at 378. Absent a complaint or protest by the offended foreign government, individuals have no standing to challenge violations of international

**NOT FOR PUBLICATION**                                                                                     **CLOSED**

extradition treaties.  See Matta-Ballesteros v. Henman, 896 F.2d 255, 259 (7th Cir. 1990).  It follows that petitioner lacks standing to assert noncompliance with the treaty.

Petitioner also claims that his constitutional rights were violated.  Even if it is assumed that the Consular Convention conferred standing and created private rights, it does not create constitutional rights.  Murphy v. Netherland, 116 F.3d 97 (4th Cir. 1997), cert. denied, 521 U.S. 1144 (U.S. 1997).  In Waldron v. INS, the Second Circuit said that "the privilege of communication with consular officials" is not a fundamental right derived from the Constitution or federal statute but is merely an administrative regulation.  17 F.3d 511, 518 (2d Cir. 1994), cert. denied, 513 U.S. 1014 (U.S. 1994).

Even if it is assumed that relief under 18 U.S.C. § 2255 could be an available remedy in this case, petitioner must still demonstrate that he was prejudiced by any failure to provide notification in this case or by his counsel's failure to pursue this issue.  However, petitioner fails to point to any specific disadvantage he suffered as a result of any notification procedures or his counsel's alleged failure to pursue this issue.  Petitioner's claim of ineffective counsel based on his counsel's failure to object and seek a remedy for the government's failure to adhere to the terms of the Vienna Convention is rejected.

   **5) Plea Agreement**

Petitioner alleges that his counsel was ineffective for failing to inform petitioner of a favorable plea agreement and that he incompetently counseled petitioner to go to trial.  There is no evidence in the record suggesting that the Government was willing to offer petitioner a

**NOT FOR PUBLICATION**                                                                                                      **CLOSED**

favorable plea agreement.  If the Government did not make a plea offer, or if it offered little, if any, advantage over going to trial in the hope of an acquittal, then a defendant cannot show prejudice because he was not subjected to "a significant additional term of imprisonment."  See United States ex. re. Caruso v. Zelinsky, 689 F.2d 435, 438 (3d Cir. 1982).  Petitioner cannot show prejudice under the Strickland test because he cannot demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Petitioner, therefore, was faced with essentially the same sentencing options whether he went to trial or not, and could not have been prejudiced by counsel's actions.  See United States v. Nino, 878 F.2d 101, 105 (3d Cir. 1989) (counsel was not ineffective for failing to advise defendant of the deportation consequences of pleading guilty because deportation would have been imposed whether defendant pled guilty or not).

There is no evidence in the record that petitioner would have acknowledged his guilt before trial.  Rather, petitioner continues to assert his innocence.  Therefore, this Court would have rejected any plea where the petitioner could not have allocuted to the factual basis of the offense.  Petitioner's claim of ineffective counsel based on his counsel's failure to inform him of a favorable plea agreement and incompetently counseled decision to go to trial is rejected.

**6) Petitioner's Right to Testify**

Though not specifically enumerated as a sixth ground for relief under the "ineffective assistance of counsel" umbrella, petitioner additionally alleges that his counsel was ineffective

13

**NOT FOR PUBLICATION** **CLOSED**

for refusing to allow him to testify in his own defense, despite several requests made by petitioner. In petitioner's reply brief, however, petitioner withdrew this issue from consideration so the Court need not address it.

For the foregoing reasons, petitioner's request to vacate, set aside, or correct his sentence on the ground that he was denied effective assistance of counsel is denied.

**F.     Petitioner was Properly Assessed a Four-Level Upward Adjustment for His Role in the Conspiracy**

Petitioner next argues that the Court erred in enhancing his offense level by four levels. As noted earlier, a defendant who seeks to raise in a § 2255 motion a claim that he failed to raise at trial, sentencing, or on direct appeal, must show both cause for failing to raise the claim in those proceedings and actual prejudice resulting from the claimed error. Frady, 456 U.S. at 167-168; Essig, 10 F.3d at 979. Petitioner has failed to show both cause for failing to raise this claim on direct appeal and actual prejudice resulting from that failure.

There is not the requisite "reasonable probability" that the enhancement would have been barred if petitioner's counsel had lodged an objection. See Strickland, 466 U.S. at 694. Pursuant to U.S.S.G. § 3B1.1(a), the Court made the proper determination that the petitioner should receive a four-level enhancement because the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." See U.S.S.G. § 3B1.1(a).

**NOT FOR PUBLICATION** **CLOSED**

Petitioner claims that he would have equally profited from the attempted possession of cocaine, that he did not control or dictate the action of his co-conspirators, and that he did not pool his resources with that of his co-conspirators in order to facilitate the attempted possession of cocaine. However, the Third Circuit affirmed that the petitioner was an organizer or leader in the conspiracy. Chambers, 47 Fed. Appx. at 91. The PSR indicates that petitioner was the conspirator who managed the overall operation of the conspiracy and recruited Chambers, Pressley and Pamela Reeves to travel to Jamaica to pick up cocaine and then bring it into the United States in the soles of shoes that petitioner arranged to be provided for the women. Co-defendant Chambers oversaw some of the activities of couriers and herself acted as a drug courier at the behest of petitioner. Co-defendant Kerr, among other things, wired money to Jamaica to advance the scheme and also assisted petitioner by following petitioner to Newark Airport to pick up Chambers on the day that she imported cocaine. Pressley and Reeves served as drug couriers at the behest of petitioner. These facts amply support a conclusion that petitioner was an organizer or leader of the conspiracy. The petitioner offers the Court no reason to disregard this foundation.

For these reasons, petitioner's request to vacate, set aside, or correct his sentence on this ground is denied.

**G.   Petitioner Cannot Raise a Claim Under United States v. Booker**

Petitioner claims that pursuant to the Supreme Court's decision in Booker, under the Sixth Amendment, any fact other than a prior conviction necessary to support a sentence

**NOT FOR PUBLICATION**                                                                                    **CLOSED**

exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict had to be admitted by the defendant or proved to a jury beyond a reasonable doubt.  125 S.Ct. 738 (U.S. 2005).  Petitioner claims that in accordance with the Booker rule, the facts supporting his four-level aggravating role enhancement were required to be submitted to a jury and proved beyond a reasonable doubt.  (See Supp. Pet. at 1.)

However, the Third Circuit Court of Appeals recently held that the Supreme Court's decision in Booker does not apply retroactively to cases on collateral review.  Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005).  Hence, petitioner cannot raise a claim under Booker.

## CONCLUSION

For the preceding reasons, petitioner's request for relief pursuant to 28 U.S.C. § 2255 is DENIED.

s/William H. Walls
United States District Judge

**NOT FOR PUBLICATION**                                                                      **CLOSED**

**Appearances**

Richard Bradley
No. 23430-050
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640-0902

Deborah L. Goldklang
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07102